# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed June 13, 1911.

MARY S. CALLIS, ETC.,

VS.

WM. C. CODD ET AL.

*George R. Willis* for plaintiffs.

*Clarence A. Tucker* for defendants.

STUMP, J.—

It appears to the court in this case that under the sixteenth item of the will, where the testator says that "during my lifetime, but prior to the 1st day of November, in the year 1901, I have given or loaned to my eldest children"—naming them—"more money than I have to the youngest," that by so declaring he did contemplate what might be called a squaring of accounts up to November 1st, 1901. He says, "Given or loaned" in that clause.

It appears in this instance, in reference to the sum specified in money that that is the evidence that he loaned so much money to that child; he did take a mortgage to secure the loan, but it appears to the court that had she not been married at that time, or had he possibly not thought that the property might be disposed of or gotten rid of by her, he might not have taken the mortgage, or at the time he took the mortgage, he might have possibly intended to collect it, or intended that the amount of money loaned should be repaid to him, but when he came to draw his will, which was, I think, about ten years afterwards, he fixed that point in the fall of 1901, as being the time from which these children must account for any loans or gifts made to them, and then he merely fixed his books as conclusive evidence of the amounts so loaned or gifts made. All prior to that time he disposed of, it seems to the court, by this will. He treated them all alike. He may have loaned or given some of the others more than he loaned to this daughter, and, as you see, the defendants contend there is no evidence here to show that he did not collect interest, and the presumption is he would collect interest, from taking the mortgages, and the presumption is he did collect interest, but, it seems to the court, that that is immaterial, because even had he collected interest, it does not seem to the court that that fact would have interfered with the provisions of this will, which appears to be very plain in its terms with reference to that subject, and it does seem to the court that under that interpretation of it, the mortgage ought to be released.

The court is not familiar with the amount of this estate or how these parties would be affected, but the others are on the same footing, if we take the statements in the will to be correct, that he had given and loaned to some of the others certain amounts. It might be that they would prove more or less than as to this daughter. That does not appear. Of course, I think it very wise on the part of the executors to let the court pass on the question.

The costs shall be paid out of the estate.